**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**
Judge John L. Kane

Criminal Action **No. 09-cr-301-JLK**

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.

**2.**    **JOSE AUGUSTIN PLUMA,**
**3.**    **JUAN MARTIN RUELAS**,
**4.**    **MARK ROSALEZ,**
**5.**    **JUSTIN HERNANDEZ**

    Defendant.

---

ORDER

---

**Kane, J.**

    This matter is currently before me on Defendant Hernandez's Request for Clarification of Court Order Regarding Contact Between the Defendant and the Alternate Juror (doc. 925). As stated at the close of trial, it is my belief that jurors do not permanently forfeit their First Amendment rights upon entering the jury box. Once the trial is completed, they are free to initiate conversation with anyone – including the parties. After their jury duty is completed, it is not my role to police their conduct, manage their interactions, or critique their choices. As I stated, such is not the case with lawyers and court employees who remain officers of the court and subject to its discipline.

    In the interest of clarity I give written permission to all parties, including the Defendants and their counsel, to communicate with the jurors. *See* D.C.COLO.CrimR 24.1. As I

admonished, however, all communication must be in response to contact initiated by the jurors. Any attempt by a juror to end communication with a party must be immediately respected. Any violation of these conditions will be deemed a violation of a direct court order and subject to punishment as criminal contempt.

Although permissible, communications between jurors and parties are not the purview of the court. Court staff are not charged with facilitating such conduct, and the jurors shall not contact court staff to that end. Jurors shall direct all inquiries to counsel. This case continues to be subject to judicial consideration, principally at this time in preparing for sentencing. Only assigned officers of the court's Probation Department are permitted to have contact with the parties and the public, including in that latter category former jurors. All other court personnel are directed to confine their conduct and communications, in this case as in others, to their assigned duties.

Dated: August 1, 2011                    BY THE COURT:

**/s/ John L. Kane**
Senior U.S. District Judge

*Hard copies of this order will be hand delivered to the Clerk of Court, the Probation Department, and Courtroom Deputy Bernique Abiakam*